UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS EDUARDO PRADO GONZALEZ[1], Petitioner, v. WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al. Respondents. | No. 1:26-cv-08056-DAD-CSK <br> <u>ORDER GRANTING PETITIION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u> <br> (Doc. Nos. 1, 2) |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on September 30, 2026. (Doc. No. 1.) That same day petitioner also filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2.) Respondents filed an opposition to the TRO motion and do not object to this court ruling on petitioner's underlying habeas petition based upon the briefing currently before the court (Doc. No. 7 at 1), and the court will do so.

Petitioner is a citizen of Mexico. (Doc. No. 1 at 2). He claims he entered the United States as a five-year-old in 2010. (*Id.* at 10.) Petitioner has been in immigration custody for

[1] The court will direct the Clerk to correct the spelling on petitioner's last name on the docket.

almost one year after he was detained on or about November 13, 2025. (*Id.* at 2.) On the same date, the government issued warrant for petitioner's arrest (Doc. No. 7 at 8), and a day later, the government issued a notice to appear ("NTA"). (Doc. No. 7 at 10.)

Respondents concede in their opposition brief that petitioner's current immigration detention is governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 1–2.) The record does not indicate that petitioner ever received any type of *pre*-deprivation bond hearing before an immigration official. Thus, the court incorporates its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). Respondents' failure to detain petitioner in compliance with the procedures required by § 1226(a) requires his immediate release. In *Zurita Navarro,* the undersigned described the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). 2026 WL 2294963, at *1. Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration official at which time a petitioner is provided the opportunity to demonstrate that his release would not pose a danger or flight risk. That failure to provide petitioner the required due process procedures alone compel the conclusion that petitioner is entitled to his immediate release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

Accordingly,

1. The Clerk of the Court is DIRECTED to change the last name of petitioner to "Gonzalez" in the docket;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Alexis Eduard Prado Gonzalez, A-File No. 201-793-359, from respondents' custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

at which hearing respondents will bear the burden to show that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE